EXECUTION

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT STROUGO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LANNETT COMPANY, INC., TIMOTHY C. CREW, and MARTIN P. GALVAN,<br><br>Defendants. | Case No. 2:18-cv-03635-MAK<br><br>Judge Mark A. Kearney |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement, dated July 12, 2019 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiffs Michael Hoeltzel and Soe Wong (on behalf of themselves and each of the Settlement Class Members), by and through their counsel of record in the Litigation;[1] and (ii) Lannett Company, Inc. ("Lannett" or the "Company"), Timothy C. Crew, and Martin P. Galvan (each a "Defendant," and together, "Defendants"), by and through their counsel of record in the Litigation. The Lead Plaintiffs and the Defendants are referred to herein as the "Settling Parties." The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I. THE LITIGATION

The Litigation is pending before the Honorable Mark A. Kearney in the United States District Court for the Eastern District of Pennsylvania (the "Court"). The initial complaint in this action was filed on August 24, 2018. ECF No. 1. On November 30, 2018, the Court entered an order appointing Lead Plaintiff and Lead Counsel. ECF No. 39. On December 26, 2018, Lead Plaintiff filed the operative Amended Class Action Complaint (the "Amended Complaint") alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 against Defendants. ECF No. 41.

Defendants moved to dismiss the Amended Class Action Complaint on January 15, 2019. ECF No. 48. Lead Plaintiffs filed their opposition to that motion on February 4, 2019. ECF No. 52. Defendants filed their reply brief on February 13, 2019. ECF No. 55. On March 13, 2019, the Court issued an Order granting in part and denying in part Defendants' motion to dismiss. ECF No. 56. Specifically, the Court dismissed all claims except for the "claims against all

---

[1] All capitalized terms not otherwise defined shall have the meanings ascribed to them in § IV.1.

Defendants challenging February 8, 2018 and May 9, 2018 statements describing Jerome Stevens' then 'significant' or 'large' shareholder interests in Lannett Company" (the "Surviving Claims"). On March 27, 2019, the Defendants filed an Answer to the Amended Complaint. ECF No. 61.

Following the Court's March 13, 2019 Order, the parties engaged in written discovery and exchanged documents relevant to the Surviving Claims. Moreover, Lead Plaintiffs served document subpoenas on, and received documents from, certain third parties, including Jerome Stevens Pharmaceuticals, Inc. and its directors and/or shareholders. On May 29, 2019, Plaintiffs' counsel reached out to Defendants' counsel with a settlement demand. The parties negotiated a settlement and agreed to settle the Litigation for $300,000, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.

## II. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, that they have committed any act or omission giving rise to any liability or violation of law. Specifically, Defendants expressly have denied, and continue to deny, each and all of the claims alleged by Lead Plaintiffs in the Litigation, including but not limited to the Surviving Claims, along with all the charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied, and continue to deny, among other allegations, the allegations that Lead Plaintiffs or the Settlement Class have suffered any damage, or that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Litigation or that could have been alleged as part of the Litigation. Defendants have asserted, and continue to assert, that their conduct was at all times proper and in compliance with all applicable provisions of law, and believe that the evidence developed to date supports their

position that they acted properly at all times and that the Litigation is without merit. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants are entering into this Stipulation solely to eliminate the burden and expense of further litigation. Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III. LEAD PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiffs have a substantial doubt as to whether they will be able to establish liability against Defendants, given the written discovery that they have received to date. Continuing this Litigation would pose significant risk to Lead Plaintiffs and their counsel given the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Lead Plaintiffs and their counsel are also mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Lead Plaintiffs and their counsel believe that the Settlement set forth in this Stipulation confers a worthwhile benefit upon the Settlement Class given the risks in the Litigation and the defenses they would encounter if they did not settle. Based on their evaluation, Lead Plaintiffs and their counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Settlement Class.

## IV. TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (for themselves and the Settlement Class Members) and Defendants, by and

through their counsel or attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

**1. Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1 "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2 "Claims Administrator" means the firm of JND Legal Administration.

1.3 "Defense Counsel" means Kirkland & Ellis LLP.

1.4 "Effective Date" or the date upon which this Settlement becomes "effective" means three (3) business days after the date by which all of the events and conditions specified in ¶ 7.1 of the Stipulation have been met and have occurred.

1.5 "Escrow Agent" means the firm of JND Legal Administration.

1.6 "Final" means when the last of the following with respect to the Judgment approving this Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal such that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal, or otherwise in such a manner as to permit the consummation of the Settlement, substantially in

accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to attorneys' fees and expenses, the Plan of Allocation, or the procedures for determining Authorized Claimants' recognized claims shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.7 "Immediate Family" with respect to the Individual Defendants means any spouse, domestic partner, parent, step-parent, grandparent, child, step-child, grandchild, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law, and any other person (other than a tenant or employee) sharing the household of such Individual Defendants.

1.8 "Individual Defendants" means Timothy C. Crew and Martin P. Galvan.

1.9 "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.10 "Lead Counsel" means Levi & Korsinsky, LLP.

1.11 "Lead Plaintiffs" means Michael Hoeltzel and Soe Wong.

1.12 "Lead Plaintiffs' Counsel" means any attorney or firm who has appeared in the Litigation on behalf of Lead Plaintiffs, including O'Kelly Ernst & Joyce, LLC.

1.13 "Litigation" means the action captioned *Strougo v. Lannett Co., Inc., et al.*, No. 2:18-cv-3635-MAK (E.D. Pa.).

1.14 "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Taxes and Tax Expenses; and (iii) other Court-approved deductions.

1.15 "Notice and Administration Expenses" means all reasonable costs and expenses incurred as a result of providing notice to the Settlement Class and otherwise administering the Settlement. Notice and Administration Expenses do not include any fees or expenses incurred by Lead Counsel and/or Lead Plaintiff. Defendants shall pay for Notice and Administration Expenses in accordance with the procedures provided in ¶¶ 2.7-2.9.

1.16 "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.17 "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto, other than to pay the Notice and Administration Expenses as provided herein.

1.18 "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.19 "Related Parties" means each of a Defendant's respective former, present or future parents, subsidiaries, divisions, and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

1.20 "Released Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that were asserted or could have been asserted in the Litigation arising out of or relating to (i) the purchase, acquisition, or sale of shares of Lannett common stock during the Settlement Class Period, (ii) the acts, facts, matters, allegations, transactions, events, disclosures, occurrences, representations, statements, acts, or omissions or failures to act that were alleged or could have been alleged in the Litigation, and (iii) any claims arising out of or relating to the defense, settlement, or resolution of this Litigation. "Released Claims" does not include claims to enforce the Settlement. "Released Claims" includes "Unknown Claims" as defined in ¶ 1.30 hereof.

1.21 "Released Persons" means each and all of the Defendants and their Related Parties, and Defense Counsel.

1.22 "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.23 "Settlement Amount" means Three Hundred Thousand Dollars ($300,000.00) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶ 2.1 of this Stipulation.

1.24 "Settlement Class" means all Persons who purchased or otherwise acquired Lannett common stock from February 8, 2018 through and including August 17, 2018, and held such stock until at least August 17, 2018 and sustained damages. Excluded from the Settlement Class are

Defendants herein, the officers and directors of the Company during the Settlement Class Period, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court.

1.25 "Settlement Class Member" or "Member of the Settlement Class" means a Person who falls within the definition of the Settlement Class as set forth in ¶ 1.24 above.

1.26 "Settlement Class Period" means the period from February 8, 2018 through August 17, 2018, inclusive.

1.27 "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.28 "Settling Parties" means, collectively, the Defendants and the Lead Plaintiffs, on behalf of themselves and the Settlement Class.

1.29 "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax, and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.30 "Unknown Claims" means any and all Released Claims which any of the Settling Parties or Settlement Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, Lead Plaintiffs, Lead Plaintiffs' Counsel, Defense Counsel, or Settlement Class Members which, if known by him, her, or it, might have affected his, her, or its settlement with and release, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the

release of the Released Persons, Lead Plaintiffs, Lead Plaintiffs' Counsel, Defense Counsel, or Settlement Class Members. With respect to any and all Released Claims, the Settling Parties stipulated and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Settling Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides,

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but the Settling Parties shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation

of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

**2. The Settlement**

**a. The Settlement Amount**

2.1 In full settlement of the claims asserted in the Litigation against Defendants and in consideration of the releases specified in ¶ 4 herein, Defendants shall cause to be deposited the Settlement Amount into an interest-bearing escrow account ("Escrow Account") controlled by the Escrow Agent on or before fifteen (15) business days after the later of: (i) the entry of the Preliminary Approval Order, as defined in ¶ 3.1 herein, and (ii) the provision to Defendants of all information necessary to effectuate a transfer of funds, including the bank name and ABA routing number, account name and number, and a signed W-9 reflecting the taxpayer identification number for the Settlement Fund.

2.2 If the entire Settlement Amount is not timely deposited into the Escrow Account, Lead Counsel may terminate the Settlement but only if: (i) Lead Counsel has notified Defendants' counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Account within five (5) calendar days after Lead Counsel provided such written notice.

**b. The Escrow Agent**

2.3 The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶ 2.1 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks

related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.4 The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defense Counsel.

2.5 Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation. The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.6 All funds held by the Escrow Agent shall be deemed and considered to be in the legal custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

**c. Notice and Administration Expenses**

2.7 Defendants shall pay all reasonable Notice and Administrative Expenses, excluding taxes, and excluding any fees or expenses incurred by Lead Counsel and/or Lead Plaintiffs, separately from and without reducing the Settlement Amount. The Claims Administrator shall submit invoices for its reasonable fees, costs, and expenses in connection with the Settlement to Defendants (with copies to Lead Counsel), and Defendants shall pay such amounts directly to the Claims Administrator, except that Defendants may object to, and, if necessary, not pay for fees, costs, or expenses they deem unreasonable in light of their contract with the Claims Administrator.

2.8 Defendants shall separately appoint JND Legal Administration as a Claims Administrator for the payment of Notice and Administration Expenses and retain the Escrow Agent. The Claims Administrator shall, subject to the jurisdiction of this Court, arrange for the dissemination and publication of the Notice and Summary Notice, and administration of the Settlement, consistent with the terms of this Stipulation. Defendants and Defense Counsel shall have no responsibility for or liability with respect to the decisions or actions of or any transactions executed by the Claims Administrator or the Escrow Agent that are inconsistent with the terms of this Stipulation.

2.9 Notice and Administration Expenses shall not be used to pay any fees for services provided by Lead Counsel or any of its agents or affiliates. The Claims Administrator and the Escrow Agent together shall maintain a record of all Notice and Administration Expenses disbursed or received.

**d. Taxes**

2.10 (a) The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. § 1.468B-1(c)(1). In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.10, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the

necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. § 1.468B-2(k)(3)) shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings of the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the election described in ¶ 2.10(a) hereof) shall be consistent with this ¶ 2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.10(c) hereof.

(c) All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶ 2.10 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 2.10) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released Persons and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable

by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.10.

2.11 This is not a claims-made settlement. As of the Effective Date, Defendants shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

**e. Termination of Settlement**

2.12 In the event that this Stipulation is not approved or this Stipulation is terminated or canceled, or the Effective Date otherwise fails to occur for any reason, the Settlement Fund less Taxes or Tax Expenses paid, incurred, or due and owing in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defense Counsel in accordance with ¶ 7.5 herein.

**3. Preliminary Approval Order and Settlement Hearing**

3.1 Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, inter alia, the preliminary approval of the Settlement set forth in this Stipulation, certification of

the Settlement Class for purposes of settlement, approval for the mailing of a settlement notice (the "Notice"), and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶ 6.1 hereof, and the date of the Settlement Hearing as defined below.

3.2 Defendants shall provide to the Claims Administrator, at no cost to Lead Plaintiffs or the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or otherwise acquired Lannett common stock during the Settlement Class Period.

3.3 The Claims Administrator shall disseminate the Notice and Summary Notice to the Settlement Class, in accordance with this Stipulation and as ordered by the Court. Settlement Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

3.4 Lead Counsel shall request that, after Notice is given and not earlier than ninety (90) days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA") as set forth in ¶ 3.5 below, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein. At the Settlement Hearing, the Settling Parties shall jointly request entry of the Judgment, or a judgment substantially in the form of Exhibit B attached hereto. At or after the Settlement Hearing, Lead

Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

3.5 Defendants, via the Claims Administrator, shall no later than ten (10) calendar days following the filing of this Stipulation with the Court serve upon the appropriate State official of each state in which a Settlement Class Member resides and the Attorney general of the United States a notice of the proposed Settlement in compliance with the requirements of CAFA. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.

3.6 The Settling Parties hereby stipulate to the certification of the Settlement Class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, solely for the purpose of effectuating this Stipulation and the Settlement set forth herein. If the Stipulation is not approved by the Court, terminated pursuant to its terms, or if the Effective Date does not occur for any reason, the certification of the Settlement Class shall be automatically vacated, and Defendants shall retain all rights to (i) object to and oppose class certification, or (ii) challenge the standing of Lead Plaintiff or any other intervening plaintiff; and (b) this Stipulation and any motion or other papers filed in support of its approval shall not be offered as evidence of any agreement, admission or concession that any class should be or remain certified in the Litigation or that Lead Plaintiff or any other intervening plaintiff has standing or any legal right to represent any class. This provision survives termination of this Stipulation.

**4. Releases**

4.1 Upon the Effective Date, as defined in ¶ 1.4 hereof, Lead Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against

the Released Persons (including Unknown Claims), whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund. Claims to enforce the terms of this Stipulation are not released.

4.2 Any Proof of Claim and Release that is executed by Settlement Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3 Upon the Effective Date, as defined in ¶ 1.4 hereof, all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons, (including Unknown Claims), whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.

4.4 Upon the Effective Date, as defined in ¶ 1.4 hereof, Defendants and their Related Parties by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims against Lead Plaintiffs, and Lead Plaintiffs' Counsel acting on their behalf that has been, could have been, or could be asserted in the Action or in any other proceeding by any Defendant or their Related Parties against Lead Plaintiffs, any other Class Members, or any of their respective attorneys (including, without limitation, Lead Plaintiffs' Counsel) and that arises out of or relates in any way to the initiation, prosecution or settlement of the Action or the implementation of this Stipulation.

**5. Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1 The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Settlement Class, shall administer and calculate the claims submitted by Settlement Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2 The Settlement Fund shall be applied as follows:

(a) to pay the Taxes and Tax Expenses;

(b) to pay attorneys' fees and expenses of counsel for the Lead Plaintiffs (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(c) to pay the time and expenses of Lead Plaintiffs, if and to the extent allowed by the Court; and

(d) after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

5.3 After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4 Within one hundred-twenty (120) days after the mailing of the Notice or such other time as may be set by the Court, each Settlement Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.5 Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as

may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Lead Plaintiffs, Lead Counsel, Defense Counsel, the Released Persons, and/or the Claims Administrator or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

5.6 Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation, the extent, if any, to which each claim shall be allowed.

5.7 Proof of Claim and Release forms that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted. The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶ 5.8 below.

5.8 If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days

after the date of mailing of the notice required in ¶ 5.7 above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

5.9 Each claimant who declines to be excluded from the Settlement Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim. In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Litigation or the Settlement.

5.10 The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, instruct the Claims Administrator to reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economical fashion. Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to the Philadelphia Bar Foundation.

5.11 The Defendants and their Related Parties and Defense Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith (except to the extent that Defendants have agreed to pay for Notice and Administration Expenses). No Person shall have any claim of any kind against the Defendants, their Related Parties, or Defense Counsel with respect to the matters set forth in ¶¶ 5.1-5.13 hereof; and the Settlement Class Members, Lead Plaintiffs, and Lead Counsel release the Defendants, Defense Counsel, and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund. For the avoidance of doubt, Defendants' obligation to pay Notice and Administration Expenses as set forth in ¶¶ 2.7-2.9 shall not be affected by the terms of this ¶ 5.11.

5.12 No Person shall have any claim against Defendants or their Related Parties, Defense Counsel, Lead Plaintiffs, Lead Plaintiffs' Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating

to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein.

**6. Lead Plaintiffs' Counsel's Attorneys' Fees and Expenses**

6.1 Lead Counsel may submit an application or applications (the "Fee and Expense Application") from the Net Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. The Lead Plaintiffs may also submit an application for an award for their time and expenses in connection with the prosecution of the Litigation.

6.2 Defendants will take no position on Lead Counsel's Fee and Expense Application. Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel and/or Lead Plaintiffs from the Settlement Fund, as ordered, immediately after the Effective Date. Lead Counsel may thereafter allocate the attorneys' fees among Lead Plaintiffs' Counsel, if any, in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3 In the event that the order making the Fee and Expense Award or any award to Lead Plaintiffs is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award and/or the award to Lead Plaintiffs have been paid to any extent, then Lead Counsel, with respect to the entire Fee and Expense Award, and such other Lead Plaintiffs' Counsel who have received any portion of the Fee and Expense Award, and any Lead Plaintiff who has received any award, shall, within fifteen (15) business days from receiving notice from the Defense Counsel or from a court of appropriate jurisdiction, refund

to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Any refunds required pursuant to ¶ 6.3 shall be the joint and several obligation of Lead Counsel, Lead Plaintiffs' Counsel, and Lead Plaintiffs that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund. Each such Lead Plaintiffs' Counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4 The procedure for and the allowance or disallowance by the Court of any applications by any Lead Plaintiffs' Counsel for attorneys' fees and expenses, or the time and expenses of the Lead Plaintiffs, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or the Lead Plaintiffs' time and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein.

6.5 Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund. With the sole exception of Defendants' obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶ 2.1, Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment

of attorneys' fees and/or expenses to Lead Plaintiffs' counsel, any award payable to the Lead Plaintiffs or any other counsel or Person who receives payment from the Net Settlement Fund.

6.6 Defendants and their Related Parties shall have no responsibility for the allocation among Lead Plaintiffs' Counsel, Lead Plaintiffs, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award or award to the Lead Plaintiffs that the Court may make in the Litigation.

6.7 The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of any Settlement Class Member, whether or not paid from the Escrow Account.

**7. Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1 The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a) the Court has entered the Preliminary Approval Order, as required by ¶ 3.1 hereof;

(b) the Settlement Amount has been deposited into the Escrow Account;

(c) Defendants have not exercised their option to terminate the Stipulation pursuant to ¶ 7.3 hereof;

(d) the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e) the Judgment has become Final, as defined in ¶ 1.6 hereof.

7.2 Upon the Effective Date, any and all remaining interest or right of the Defendants or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If the condition specified in ¶ 7.1 hereof are not met, then the Settlement shall be

canceled and terminated subject to ¶¶ 7.5 and 7.6 hereof unless Lead Counsel and Defense Counsel mutually agree in writing to proceed with the Settlement.

7.3 Defendants shall have the right (which right must be exercised collectively) to terminate the Settlement and render it null and void in the event that Settlement Class Members who purchased or otherwise acquired more than a certain percentage of Lannett common stock subject to this Settlement exclude themselves from the Settlement Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Plaintiffs and the Defendants, by and through their counsel. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless and until the Court otherwise directs or a dispute arises between the Settling Parties concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court in camera or filed under seal.

7.4 If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code, or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Escrow Agent by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited with the Escrow Agent by others, then, at the election of Lead Plaintiff, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the

Judgment entered in favor of the Defendants and that the Defendants and Lead Plaintiff and the Members of the Settlement Class shall be restored to their litigation position as of July 12, 2019.

7.5 In the event this Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within fifteen (15) business days after written notification of such event is sent by Defense Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund, less Taxes, Tax Expenses, shall be refunded by the Escrow Agent pursuant to written instructions from Defense Counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defense Counsel.

7.6 In the event that this Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of July 12, 2019. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 1.1-30, 2.6-2.12, 3.6, 6.3-6.4, 7.4-7.6, and 8.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to any of Lead Plaintiffs' Counsel or the Lead Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

**8. Miscellaneous Provisions**

8.1 The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

8.2 The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. In written press releases, public disclosures, statements to the media, or promotional materials circulated either internally or externally, Lead Plaintiffs and their counsel and the Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defense, and resolution of the Litigation, and shall not otherwise suggest that the Settlement embodied in this Stipulation constitutes and admission of any claims or defense alleged.

8.3 Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any

fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4 All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.5 All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6 This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7 This Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own fees and costs.

8.8 Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which it deems appropriate.

8.9 Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10 This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

8.11 All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally or emailed to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

***If to Lead Plaintiffs or to Lead Counsel:***

Nicholas I. Porritt
LEVI & KORSINSKY, LLP
1101 30th Street NW, Suite 115
Washington, DC 20007

***If to Defendants or to Defense Counsel:***

Jay P. Lefkowitz
Matthew Solum
Terence Leong
Daniel R. Cellucci
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

8.12 This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.13 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

8.14 Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

8.15 This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the Commonwealth of Pennsylvania, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of Pennsylvania without giving effect to its choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated July 12, 2019.

EXECUTION

LEVI & KORSINSKY, LLP
Nicholas I. Porritt (admitted *pro hac vice*)
Adam M. Apton (admitted *pro hac vice*)

NICHOLAS I. PORRITT

1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
nporritt@zlk.com

*Lead Counsel for Lead Plaintiffs*

O'KELLY ERNST & JOYCE LLC
Ryan M. Ernst (PA Bar ID 202191)
901 N. Market Street, Suite 1000
Wilmington, DE 19801
Tel: (302) 778-4002
Fax: (302) 295-2873
rernst@oeblegal.com

*Liaison Counsel for Lead Plaintiffs*

KIRKLAND & ELLIS LLP
Jay P. Lefkowitz (admitted *pro hac vice*)
Matthew Solum (admitted *pro hac vice*)
Terence Y. Leong (admitted *pro hac vice*)
Daniel R. Cellucci (admitted *pro hac vice*)

JAY P. LEFKOWITZ

601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4970
Fax: (212) 446-4900
lefkowitz@kirkland.com
matthew.solum@kirkland.com
terence.leong@kirkland.com

dan.cellucci@kirkland.com

*Counsel for Defendants*

FOX ROTHSCHILD LLP
Abraham C. Reich (PA Bar ID 20060)
Matthew D. Lee (PA Bar ID 85914)
Nathan Huddell (PA Bar ID 321472)
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215) 299-2765
Fax: (215) 299-2150
areich@foxrothschild.com
mlee@foxrothschild.com
nhuddell@foxrothschild.com

*Counsel for Defendants*