**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT STROUGO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 18-3635** |
| | : | |
| **LANNETT COMPANY, INC.,** *et al.* | : | |

## <u>ORDER</u>

**AND NOW**, this 31st day of July 2019, upon considering Plaintiff's Motion to conditionally certify a class and for preliminary approval (ECF Doc. No. 69) of the Stipulation of Settlement (ECF Doc. No. 68), Declaration of Adam M. Apton, Esquire (ECF Doc. No. 69-2), Declaration of Luiggy Segura (ECF Doc. No. 69-3), the Long Form Notice with a Plan of Allocation (ECF Doc. No. 68-2), Short Form Notice (ECF Doc. No. 68-4), proposed Proof of Claim and Release (ECF Doc. No. 68-3), following the noticed hearing on Plaintiff's Motion, and incorporating the parties' agreements during the hearing relating to the terms of a supplemental agreement governing Defendant's ability to withdraw from the settlement dependent on the size of the Class[1] and to find a more appropriate *cy pres* beneficiary (collectively "Settlement"), it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 69) is **GRANTED**:

---

[1] The parties did not demonstrate good cause to seal the terms of the supplemental agreement under *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 671-73 (3d Cir. 2019). The parties disclosed the material terms and, upon motion, we may require the parties file the supplemental agreement. The parties shall place the transcript of our July 30, 2019 hearing describing the material terms on the Settlement website, www.LannettSecuritiesSettlement.com.

### *Preliminary Approval of Settlement*

1.     We preliminarily approve the Settlement[2] as being fair, reasonable and adequate, and in the best interest of Plaintiff and putative Class Members, defined below.[3]  A settlement of the Class Members' claims under the Amended Class Action Complaint (ECF Doc. No. 41) and the Settlement is the most expeditious, efficient, and fair means of resolving such claims. This Order shall govern to the extent terms in the Settlement differ from obligations imposed by this Order.  The administration of the Settlement and the determination of all disputed questions of law and fact with respect to the validity of a claim or right of any person or entity to participate in the Settlement are under this Court's authority.

2.     The Settlement and the negotiations or proceedings connected with it, shall not be construed as an admission or concession by the Defendants as to the validity of claims or as to the truth of the allegations of any liability, fault, or wrongdoing of any kind.

---

[2] We adopt the terms and definitions in the Stipulation of Settlement (ECF Doc. No. 68) to the extent not inconsistent with this Order.

[3] Preliminary approval is not a rubber stamp of a proposed agreement. *In re Nat'l Football Players' Concussion Injury Litig.*, 961 F.Supp.2d 708, 715 (E.D.Pa. 2014).  As we addressed during our preliminary approval hearing, we must screen for "obvious" problems and deficiencies and ensure the settlement negotiations occurred at arm's length; sufficient discovery; and, the proponents are experienced in similar litigation. *Kopchak v. United Resource Systems, et al.*, No. 13-5884, 2016 WL 4138633 (E.D.Pa. Aug. 4, 2016)(citing *Harlan v. Transworld Sys., Inc.*, 302 F.R.D. 319, 324 (E.D.Pa. 2014)).  The Settlement satisfies each of these tests:  we addressed and previewed our concerns with the claims settlement process and noticed counsel of our need to review issues at final approval as well as our concerns with the *cy pres* designation; the Lead Plaintiff's Motion described the settlement negotiations at arm's length after learning from thousands of documents of apparent concerns with the proofs necessary after our Order granting in part and denying in part the motion to dismiss; and, counsel for all parties demonstrated their acuity in this complex area.

2

3.    **Class Findings**:  The Court preliminarily finds, for settlement purposes only, the Lead Plaintiffs conditionally satisfied prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and 23(b):

a.    The Class for settlement purposes ("Settlement Class") means: **all persons who purchased or otherwise acquired Lannett Company, Inc. common stock from February 8, 2018 through and including August 17, 2018, and held such stock until at least August 17, 2018 and sustained damages.  The Class excludes Defendants and certain related individuals and entities, as well as any Settlement Class Member validly and timely requesting exclusion under this Order**;

b.    The Class consists of at least hundreds of securities holders with over 90.3 million shares traded during the Class Period of February 7, 2018 until and including August 17, 2018 and is so numerous joinder is impracticable;

c.    There are one or more questions of law or fact common to Class Members: whether Defendant violated the securities laws including whether the corrective disclosures of the earlier representations and omissions caused artificial inflation of the market price of Lannett common stock, and if so, how much; whether the Settlement Class Members have sustained damages, and, if so, the appropriate measure of damages;

d.    Lead Plaintiffs' claims are typical of the claims of Class Members arising from Defendants' uniform representations resulting in alleged economic injury;

e.    Lead Plaintiffs will fairly and adequately protect the interests of Class Members as (i) Lead Plaintiffs' counsel are extensively experienced in this subject, qualified and

3

generally able to conduct this litigation; and (ii) Lead Plaintiffs' interests are not antagonistic to

the interests of the Class Members;[4]

---

[4] As more fully detailed in the July 30, 2019 Transcript, we discussed the parties' agreement requiring all Settlement Class Members to release claims but only allowing persons filing claims we exceed $10.00 to be paid for their release. We view this distinction as potentially unfair as persons release claims arguably without consideration. Counsel seemingly assume all judges will approve these claims settlement processes without concern for the putative class members. We find this assumption ill-advised. Courts have found settlements unfair when one part of the class receives relief while another part of the class does not. William B. Rubenstein, Newberg on Class Actions §1360 (5th ed) (noting differential treatment among class members is a "red flag"); *Petruzzi's v. Darling-Delaware Co., Inc.*, 880 F. Supp. 292, 301 (M.D. Pa. 1995). In *Petruzzi's*, Judge Vanaskie would not approve a proposed settlement as "fair, adequate and reasonable" where the proposed relief was to be distributed only to certain class members, while claims of all class members would be discharged. Citing concerns where the proposed settlement "provides *no* economic benefits to a substantial portion of the class," the court noted "independent research has not disclosed a case that sanctions a settlement that provides direct economic benefit to 50% of the class in exchange for release from 100% of the class." *Id.* at 299, 301; *see also Date v. Sony Electronics*, No. 07-15474, 2009 WL 435289 (E.D. Mich 2009); *Parker v. Time Warner Enetertainment Co.*, 239 F.R.D. 318 (E.D.N.Y. 2007).

Counsel argued the number of unknown Settlement Class Members at this stage allows our analysis to draw upon cases approving a claims process in consumer class cases where the attorneys do not know the identity of the Class Members and courts will approve a claims process to ensure a proper class constituency. Counsel also argues this claims settlement process is routine in securities class action settlements but they could not cite a single case addressing the fairness of this concept when counsel can eventually learn all Settlement Class Members. At this preliminary stage, we accept the proposed plan under a claims settlement process. But we remind counsel we will not grant final approval if we are unable to confirm fulsome notice to the actual securities holders and without further explanation, including briefing, on how a court can convert an opt-out class to an opt-in class for purposes of the consideration paid in exchange for the mandated release. We appreciate the opt-out allows persons to avoid a release. We just are not fully persuaded these types of mandatory releases without consideration paid to other class members who must take an extra step is permissible in this context. Counsel will need to explain why, after some effort, they cannot employ a method to discern the identity of class members in much the same way they would need to when addressing ascertainability. If so, why would we not require some monetary consideration paid to every class member with potentially more consideration paid to claimants demonstrating specific losses? Our concern is compounded when the Parties agree to exclude a Settlement Class Members with losses less then $10.00. So even those persons complete the claim form but do not receive consideration for their release. We look forward to experienced counsel's thoughtful analysis in seeking final approval.

4

      f.     Prosecution of separate actions by individual Settlement Class Members would create a risk of: (i) inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of conduct for the parties opposing the claims asserted in the case; and (ii) adjudications as to individual members of Settlement Class Members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those person's ability to protect their interests;

      g.     Common issues of law and fact predominate over any potential individual issues, as the predominant issue is whether Defendants' practices are in accordance with applicable wage laws, and,

      h.     A class action is a superior mechanism to fairly and efficiently adjudicate this controversy.

4.     **Class Representative**:  Lead Plaintiffs Michael Hoeltzel and Soe Wong are adequate and typical class representatives, and we appoint them as class representative for all Class Members.

### *Class Counsel*

5.     Following careful review of Adam M. Apton's Declaration (ECF Doc. No. 69-2 and under Fed.R.Civ.P. 23(g), we appoint Levi & Korsinsky, LLP and O'Kelly Ernst & Joyce, LLC as Class Counsel upon considering (i) the work Class Counsel did in identifying or investigating potential claims in the case; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted here; (iii) Class Counsel's knowledge of applicable securities laws, and how those laws apply to the claims; and, (iv) the

resources Class Counsel committed to representing Plaintiffs and the class as fiduciaries. Based on these factors, the Court finds Class Counsel has and will continue to represent fairly and adequately the interests of Class Members.

6.     Any Member of the Settlement Class who or which does not request exclusion from the Settlement Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice. A Settlement Class Member who or which does not enter an appearance will be represented by Class Counsel.

7.     **Claims Administrator**:  Following review of Luiggy Segura's Declaration (ECF Doc. No. 69-3) and having confirmed no conflicts with the parties or counsel, we approve JND Legal Administration of Seattle, Washington (www.JNDLA.com) as Claims Administrator and Escrow Agent to administer the Settlement.  All funds held by the JND Legal Administration shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to our jurisdiction, until we enter an Order distributing funds.

8.     **Approved Notices to Settlement Class**: We approve the form of Notice of Proposed Settlement of Class Action ("Notice"), attached as Exhibit "A"; the Proof of Claim and Release Form, attached as Exhibit "B", and Summary of Short Form Notice, attached as Exhibit "C" and require strict compliance:

        a.     **On or before August 9, 2019**, Defendants shall provide the Claims Administrator, at no cost to Lead Plaintiffs or the Settlement Class, transfer records in electronic searchable form, such as Excel, containing the names and addresses of persons who purchased or otherwise acquired Lannett securities during the Class Period;

6

          b.      **On or before August 14, 2019** (the "Notice Date"), the Claims Administrator shall begin mailing the Notice and Proof of Claim, substantially in the attached forms, by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and to be posted on its website, along with the Complaints, our March 13, 2019 Memorandum (ECF Doc. No. 57), Answer (ECF Doc. No. 61), this Order, Transcript of the July 30, 2019 hearing, and all future filings at www.LannettSecuritiesSettlement.com;

          c.      **On or before August 16, 2019**, the Claims Administrator shall cause the Summary Notice to be published once over a national newswire service, *PRNewswire*; and,

          d.      **On or before August 19, 2019**, the Defendants shall file proof of compliance with ¶ 8 of this Order by affidavit or declaration.

        9.      **Nominees' Obligations**: Nominees who purchased or acquired Lannett securities during the Settlement Class Period for the beneficial ownership of Settlement Class Members shall send the Notice and the Proof of Claim to all such beneficial owners of Lannett securities within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Class Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further Order of this Court with respect to any dispute concerning such compensation.

7

10.      **Binding Effect**: All Members of the Settlement Class who or which do not request exclusion from the Settlement Class shall be bound by all determinations and judgments concerning the Settlement, including, but not limited to, the release, whether favorable or unfavorable to the Settlement Class, whether such Settlement Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

11.      **Proof of Claim Process**: Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accord with its terms. All Proofs of Claim must be postmarked or submitted electronically to www.LannettSecuritiesSettlement.com no later than **December 13, 2019**. Any Settlement Class Member who does not timely submit a Proof of Claim by December 13, 2019 shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but shall nonetheless be bound by the Settlement, the Judgment, and releases. But Class Counsel may, in its discretion, accept late-submitted claims for processing by the Claim Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

## *Objections to the Settlement*

12.      Any Member of the Settlement Class may file a **written objection to the proposed Settlement** and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded.

13.      No Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless he, she or it has filed a written objection on or before **December 5,**

8

**2019** with the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106. Any Member of the Settlement Class who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or expenses of Lead Plaintiffs, unless otherwise ordered.

14.     Any objections, filings, and other submissions by the objecting Settlement Class Member must: (i) state the name, address, and telephone number of the person objecting and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's purchases, acquisitions, and sales of Lannett securities during the Settlement Class Period.

15.     Class Members seeking to file memoranda in support of their objections shall do so on or before **January 17, 2020** with responses filed no later than **January 31, 2020**.

### *Opting out of the Settlement Class*

16.     Any Person falling within the definition of the Settlement Class may, upon request, **be excluded or "opt out"** from the Settlement Class. To opt out, a Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") postmarked no later than **December 16, 2019**.

17.     The Request for Exclusion must state: (i) the name, address, and telephone

9

number of the Person requesting exclusion; (ii) a list identifying the number of shares and date of each purchase, acquisition and sale of Lannett securities and the price paid and/or received for any purchase, acquisition or sale of Lannett securities between February 8, 2018 and November 19, 2018, inclusive; and (iii) the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion under this paragraph and the attached Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final judgment. Unless otherwise ordered by the Court, any Person falling within the definition of the Settlement Class who fails to timely request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding.

18.     Class Counsel or the Claims Administrator shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event no later than **December 30, 2019**.

19.     **Motion in Support of Final Settlement Approval**: Class Counsel shall file a motion for final approval of the Settlement including addressing attached unresolved objections, dismissal, application by Class Counsel for attorney's fees and reimbursement of litigation expenses with supporting billing records no later than **January 3, 2019**. Copies of such materials shall be available for inspection at the office of the Clerk of this Court and made available on www.LannettSecuritiesSettlement.com. Until such time as we can make a final determination as

10

to the propriety of the Settlement at the Final Approval Hearing, the Parties shall comply with the terms of the Settlement and this Order.

### *Final Approval Hearing*

20.     We will hold a Final Approval Hearing on **February 7, 2020 at 9:30 A.M., United States Courthouse, 601 Market Street, Courtroom 6B, Philadelphia, Pennsylvania 19106** to determine whether: the Class should be finally certified as a class action under Fed.R.Civ.P. 23(a) and (b); the terms and conditions provided in the Settlement are fair, reasonable, and adequate and should be finally approved based, in part, on the number of responses in the claims settlement process; the Released Claims should be dismissed with prejudice; the Class Members' representation by Lead Plaintiffs and Class Counsel satisfy Fed.R.Civ.P. 23; Class Counsel's application for an award of attorneys' fees and reimbursement of attorneys' fees of $75,000, and expenses not to exceed $17,500 should be approved; and, any other issues necessary for approval.

21.     Neither the Defendants and their Related Parties nor Defendants' counsel shall have responsibility for the Plan of Allocation nor will applications for attorneys' fees or expenses filed by Class Counsel or expenses, and such matters be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

22.     Attendance at the Final Approval Hearing is not necessary. Settlement Class Members do not need to appear at the Final Approval Hearing or take any action if they do not oppose any aspect of the Settlement.

23.     Should we grant final approval and grant Class Counsel's Motion for attorneys' fees, costs and expenses ("Fee Award"), the Claims Administrator shall disburse the Fee Award

11

after issuing checks to the Class Members, subject to Class Counsel seeking an interim award for reimbursement of approved expenses.

24.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid by the Defendants.  In the event we do not grant Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor their counsel shall be obligated to repay amounts incurred and properly disbursed.

25.     At or after the Final Approval Hearing, we will issue an Order on Class Counsel's motion for an award of attorneys' fees and reimbursement of reasonable expenses.

26.     At or after the Final Approval Hearing, we shall determine whether the Plan of Allocation proposed by Lead Counsel is approved.

27.     We reserve the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retain jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  We may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.  We further reserve the right to enter the Judgment approving the Settlement regardless of whether we approve the Plan of Allocation or award attorneys' fees and/or expenses.

28.     If the Settlement is not approved at the Final Approval Hearing or consummated for any reason, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation.  This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Parties *status quo ante*.

12

29.    **Stay**: Unless ordered otherwise, all proceedings in this case including obligations under our April 1, 2019 Order (ECF Doc. No. 63) are **stayed**, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation of Settlement or other agreement of the Parties approved by us.  Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiffs nor a Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

KEARNEY, J.

13

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STROUGO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LANNETT COMPANY, INC., TIMOTHY C. CREW, and MARTIN P. GALVAN,<br><br>Defendants. | Case No. 2:18-cv-03635-MAK<br><br>Judge Mark A. Kearney |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE SECURITIES OF LANNETT COMPANY, INC. ("LANNETT" OR THE "COMPANY") DURING THE PERIOD FROM FEBRUARY 8, 2018 THROUGH AND INCLUDING AUGUST 17, 2018, AND HELD SUCH SHARES UNTIL AT LEAST AUGUST 17, 2018.

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE [INSERT DATE]**.

This Notice of Proposed Settlement of Class Action ("Notice") has been sent to you under Rule 23 of the Federal Rules of Civil Procedure and a [INSERT DATE] 2019 Order of the United States District Court for the Eastern District of Pennsylvania (the "Court"). This Notice informs you of the pendency of this class action (the "Litigation") between Lead Plaintiffs Soe Wong and Michael Hoeltzel and Defendants Lannett, Timothy C. Crew and Marty P. Galvan ("Defendants") and the proposed [$INSERT] settlement (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees, costs, and expenses. This Notice describes the steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

//
//
//
//
//
//
//
//
//
//

---

[1] All capitalized terms used in this Notice not otherwise defined herein shall have the meanings provided in the [INSERT] Stipulation of Settlement (the "Stipulation"), available on the website: www.[INSERT].com.

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim forms must be postmarked or submitted online on or before [INSERT].** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement. **Exclusions must be postmarked on or before [INSERT DATE].** |
| **OBJECT** | Write to the Court about why you do not like the settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Settlement Class. **Objections must be *received* by the Court and counsel on or before [INSERT DATE].** |
| **GO TO THE HEARING ON [INSERT DATE]** | Requests to speak must be *received*, along with your objections, by the Court and counsel on or before [INSERT DATE]. |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

Under the Settlement described in this motion, a $300,000.00 Settlement Fund has been established. Based on Lead Plaintiffs' estimate of the number of shares of Lannett securities damaged during the Settlement Class Period, the average distribution per share under the Plan of Allocation is roughly $0.015 per share before deduction of any taxes on the income earned on the Settlement Amount thereof and the attorneys' fees and expenses as determined by the Court. This amount will not be reduced by notice and administration costs. Notice and administration costs, which are estimated to be $100,000, are being paid directly by Defendants under the terms of the Settlement. Settlement Class Members should note, however, that these are only estimates. A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Settlement Class Members who submit acceptable Proofs of Claim. An individual Settlement Class Member may receive more or less than this estimated average amount. Please review the Plan of Allocation

discussed at pages [_] below for more information on the calculation of your claim.

## Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged. The Defendants deny they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Lannett securities were allegedly artificially inflated (if at all) during the Settlement Class Period; (4) the amount, if any, by which the price of Lannett securities were allegedly artificially inflated (if at all) during the Settlement Class Period; (5) the effect of various market forces on the price of Lannett securities at various times during the Settlement Class Period; (6) the extent to which external factors influenced the price of Lannett securities at various times during the Settlement Class Period; (7) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the price of Lannett securities at various times during the Settlement Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the price of Lannett securities at various times during the Settlement Class Period.

## Statement of Attorneys' Fees and Expenses Sought

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed $75,000 (18.75% of the Settlement Amount and Notice and Administration Expenses) plus expenses not to exceed $17,500, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. Since the action's inception, Lead Plaintiffs' Counsel has expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and has advanced the expenses of the Litigation in the expectation that if it was successful in obtaining a recovery for the Settlement Class it would be paid from such recovery. The requested attorneys' fees and expenses amount to an average cost of approximately $0.005 per damaged share of Lannett securities. The average distribution per share under the Plan of Allocation is estimated to be $0.01 per share net attorneys' fees and expenses.

## Further Information

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-[INSERT], or visit the website www.[INSERT].com.

You may also contact representatives of counsel for the Settlement Class: Nicholas I. Porritt, Levi & Korsinsky, LLP, 1101 30th Street, NW, Suite 115, Washington, DC 20008, nporritt@zlk.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiffs' principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery- or, indeed, no recovery at all - might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

### 1. Why did I get this notice package?

This Notice was sent to you under a [INSERT DATE] Order of a United States District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Lannett securities during the period from February 8, 2018 through August 17, 2018, inclusive ("Settlement Class Period").

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Eastern District of Pennsylvania, and the case is known as *Strougo v. Lannett Company, Inc. et al.*, No. 2:18-cv-03635-MAK. The case has been assigned to the Honorable Mark A. Kearney. The individuals representing the Settlement Class are the "Lead Plaintiffs, and the company and individuals they sued and who have now settled are called the Defendants.

### 2. What is this lawsuit about?

The Litigation is pending before the Honorable Mark A. Kearney in the United States District Court for the Eastern District of Pennsylvania (the "Court"). The initial complaint in this action was filed on August 24, 2018. On November 30, 2018, the Court entered an order appointing Lead Plaintiff. On December 26, 2018, Lead Plaintiffs filed an Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 against the Defendants.

Defendants moved to dismiss the Complaint on January 15, 2019. Lead Plaintiffs filed their opposition to the motion on February 4, 2019. Defendants filed their reply brief on February 13, 2019. On March 13, 2019, the Court issued a Memorandum granting and denying, in part, Defendants' motion to dismiss. Specifically, the Court dismissed all claims except for the "claims against all Defendants challenging February 8, 2018 and May 9, 2018 statements describing Jerome Stevens' then 'significant' or 'large' shareholder interests in Lannett Company" (the "Surviving Claims").

4

On March 27, 2019, the Defendants answered the Complaint. On March 28, 2019, the parties filed a Joint Report of Rule 26(f) Meeting. Following the Court's March 13, 2019 memorandum, the parties engaged in written discovery and exchanged documents relevant to the Surviving Claims. Moreover, Lead Plaintiffs served document subpoenas on, and received documents from, certain third parties, including Jerome Stevens Pharmaceuticals, Inc. and its directors and/or shareholders.

In May 2019, after Lead Plaintiffs' counsel reviewed the documents produced by Defendants and other third parties, Lead Plaintiffs reevaluated the merits of the action and decided that it would be in the best interests of the Settlement Class to attempt to settle the Litigation. The discovery received contradicted Lead Plaintiffs' theory of liability and, consequently, presented a substantial risk that the Surviving Claims would not survive any forthcoming motion for summary judgment or prevail at trial. Lead Plaintiffs' counsel was able to secure an agreement to settle the Litigation for $300,000.00 (with estimated notice and administration costs of $100,000 to be paid in addition to and separately by Defendants) subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.

---

**3.  Why is there a settlement?**

---

The Court has not decided in favor of the Defendants or of the Lead Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

---

**4.  How do I know if I am Member of the Settlement Class?**

---

The Court directed that everyone who fits this description is a Settlement Class Member: *all Persons who purchased or otherwise acquired Lannett common stock from February 8, 2018 through and including August 17, 2018, and held such stock through the close of trading on August 17, 2018 and sustained damages, except those Persons and entities that are excluded.*

Excluded from the Settlement Class are: Defendants, the officers and directors of the Company during the Settlement Class Period, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class is any Settlement Class Member who timely and validly excludes themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

Please Note: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online at

the website on or before [INSERT].

---

### 5. What if I am still not sure if I am included?

If you are not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-[INSERT], or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

### 6. What if I am still not sure if I am included?

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay (or cause to be paid) $300,000.00 in cash to be distributed after taxes, fees, and expenses, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice. The additional amounts to be paid by Defendants for notice and administration costs will be used exclusively for notice and administration and will not be distributed to Settlement Class Members.

---

### 7. How much will my payment be?

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid Proof of Claim forms that Settlement Class Members send in, compared to the amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT- SUBMITTING A CLAIM FORM

### 8. How can I get a payment?

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.[INSERT].com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail or submit it online so that it is postmarked or received no later than [INSERT]. The Proof of Claim form may be submitted online at www.[INSERT].com.

---

### 9. When would I get my payment?

The Court will hold a Settlement Hearing on [INSERT at ___.m.] to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

---

**10. What am I giving up to get a payment to stay in the Settlement Class?**

---

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that were asserted or could have been asserted in the Litigation arising out of or relating to (i) the purchase, acquisition, or sale of shares of Lannett common stock during the Settlement Class Period and (ii) the acts, facts, matters, allegations, transactions, events, disclosures, occurrences, representations, statements, acts, or omissions or failures to act alleged in the Litigation. "Released Claims" does not include claims to enforce the Settlement. "Released Claims" includes "Unknown Claims" as defined in ¶ 1.30 hereof.

- "Related Parties" means each of a Defendant's respective former, present or future parents, subsidiaries, divisions, and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

- "Released Persons" means each and all of the Defendants and their Related Parties, and Defense Counsel.

- "Unknown Claims" means any and all Released Claims which any of the Settling Parties or Settlement Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, Lead Plaintiffs, Lead Plaintiffs' Counsel, Defense Counsel, or Settlement Class Members which, if known by him, her, or it, might have affected his, her, or its settlement with and release, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Persons, Lead Plaintiffs, Lead Plaintiffs' Counsel, Defense Counsel, or Settlement Class Members. With respect to any and all Released Claims, the Settling Parties stipulated and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Settling Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived the

7

provisions, rights, and benefits of California Civil Code § 1542, which provides,

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but the Settling Parties shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself - or is sometimes referred to as "opting out."

---

**11. How do I get of the Settlement Class and the proposed Settlement?**

---

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *Strougo v. Lannett Company, Inc. et al. Litigation*." You cannot exclude yourself by telephone or e-mail. Your letter must include your purchases, acquisitions, and sales of Lannett securities during the Settlement Class Period, including the dates, the number of shares of Lannett securities purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale. In addition, you must include your name, address, telephone number, and your signature. You must mail your letter with the exclusion request so that it is **postmarked no later than [INSERT] to:**

JND Legal Administration

Your exclusion request must comply with these requirements to be valid. If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future.

---

**12. If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?**

---

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit against the Released Persons speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is [INSERT].

---

**13. If I exclude myself, can I get money from the proposed Settlement?**

---

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

---

**14. Do I have a lawyer in this case?**

---

The Court ordered that the law firm of Levi & Korsinsky, LLP represents the Settlement Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

**15. How much will the lawyers be paid?**

---

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed $75,000 (18.75% of the Settlement Amount and Notice and Administration Expenses) plus expenses not to exceed $17,500, plus interest earned on both amounts at the same rate as earned by the Settlement Fund.The Court will decide how much is paid to Lead Plaintiffs' Counsel after reviewing the Lead Plaintiffs' motion for fees and expenses to be filed and placed on the website no later than [INSERT]. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it including the amount of attorneys' fees.

---

**16. How do I tell the Court that I object to the proposed Settlement?**

---

If you are a Settlement Class Member, you can comment or object to the proposed

9

Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Strougo v. Lannett Company, Inc. et al. Litigation.* Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of Lannett securities you purchased, acquired, and sold during the Settlement Class Period, and state your comments or the reasons why you object to the proposed Settlement. You must also include copies of documents demonstrating such purchase(s), acquisition(s) and/or sale(s). Your comments or objection must be filed with the Court **no later than [INSERT DATE].**

Any person who fails to comply with the requirements for objecting to the Settlement will be deemed to have waived all such objections and will be foreclosed from raising any objection to the proposed Settlement or to any part thereof.

**17. What is the difference between objecting and excluding?**

Objecting is simply telling the Court you do not like something about the Settlement, attorney's fees or payment to Lead Plaintiffs. You can object only if you stay in the Settlement Class.

Excluding yourself is telling the Court you do not want to be paid and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

**18. When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Settlement Hearing at [___.m., on INSERT DATE], 2019, in the Courtroom of the Honorable Mark A. Kearney, at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106. At the hearing the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court may also decide how much to pay to Lead Counsel. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website www.[INSERT].com beforehand to be sure that the date and/or time has not changed.

**19. Do I have to come to the hearing?**

No. Lead Counsel will answer questions from the Court. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As

long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

### 20. May I speak at the hearing?

If you object to the Settlement, the Plan of Allocation, or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 16 above) a statement saying you intend to appear. Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be filed with your objection no later than [INSERT DATE] with the Clerk of Court.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

### 21. What happens if I do nothing?

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

### 22. How do I get more information?

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-[INSERT]. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.[INSERT].com, and which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND
## AMONG SETTLEMENT CLASS MEMBERS

The Settlement Amount of $300,000.00 and any interest earned thereon is the "Settlement Fund." The Settlement Fund does not include the payments made by Defendants for notice and administration costs. The Settlement Fund, less all taxes, approved costs, fees, and expenses (the

"Net Settlement Fund") shall be distributed to Settlement Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Lannett securities during the Settlement Class Period.

For purposes of formulating the Plan of Allocation and determining the amount an Authorized Claimant may recover under it, Lead Counsel has conferred with its damages consultant regarding the Plan of Allocation and it reflects an assessment of the damages that it believes could have been recovered by Settlement Class Members had Lead Plaintiffs prevailed at trial.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The allocation below is based on a potential maximum claim per share equal to $8.15. This value represents the decline in Lannett's stock price that occurred on August 20, 2018. For shares of Lannett securities purchased, or otherwise acquired, on or between February 8, 2018 through August 17, 2018 inclusive, the claim per share shall be as follows:

a. If sold prior to August 17, 2018, the claim per share is zero.

b. If retained at the end of August 17, 2018, the claim per share will be $8.15 multiplied by the number of shares held at the close of trading on August 17, 2018.

This is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise or operation of law of Lannett securities during the Settlement Class Period shall not be deemed a purchase or sale of Lannett securities for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Lannett securities during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Lannett securities.

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net overall loss, after all profits from transactions in all Lannett securities described above during the Settlement Class Period are

subtracted from all losses. However, the proceeds from sales of securities that have been matched against the securities held at the beginning of the Settlement Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Payment under the Plan of Allocation shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defense Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by filing a written request with the Clerk of Court.

Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Lead Plaintiffs and Lead Plaintiffs' Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds shall be used:

> (a) First, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be equally distributed to the Philadelphia Bar Foundation.

13

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Lannett securities during the Settlement Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Settlement Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Lannett Company, Inc. Securities Litigation*
[INSERT ADDRESS]
www.[INSERT].com


DATED:                                BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
                                      EASTERN DISTRICT OF PENNSYLVANIA

14

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STROUGO, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>LANNETT COMPANY, INC., TIMOTHY C. CREW, and MARTIN P. GALVAN,<br><br>    Defendants. | Case No. 2:18-cv-03635-MAK<br><br>Judge Mark A. Kearney |

## PROOF OF CLAIM AND RELEASE

### I.    GENERAL INSTRUCTIONS

1.    To recover as a Member of the Class based on your claims in the action entitled *Strougo v. Lannett Company, Inc. et al.,* Case No. 2:18-cv-03635-MAK (the "Litigation"), you must complete and, on page 11 hereof, sign this Proof of Claim and Release form ("Proof of Claim"). If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.[1]

2.    Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN [INSERT DATE], ADDRESSED AS

---

[1]    All capitalized terms used in this Proof of Claim not otherwise defined herein shall have the meanings provided in the [DATE] Stipulation of Settlement ("Stipulation"), available on the website www.[INSERT].com.

FOLLOWS:

[INSERT CLAIMS ADMINISTRATOR}

[INSERT ADDRESS]

Online Submissions: www.[INSERT].com

4.        If you are NOT a Member of the Settlement Class, as defined in the Notice of Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

5.        If you are a Member of the Settlement Class and you did not timely request exclusion, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.    CLAIM IDENTIFICATION

If you purchased or acquired Lannett Company, Inc. ("Lannett") securities and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, you purchased or acquired Lannett securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Lannett securities that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE LANNETT SECURITIES UPON WHICH THIS CLAIM IS BASED.

Separate Proofs of Claim should be submitted for each separate legal entity (for example,

2

a claim by joint owners should not include the transactions of just one of the joint owners, and an individual should not submit one claim that combines his or her IRA transactions with transactions made solely in the individual's name). Conversely, a combined Proof of Claim should be submitted on behalf of each legal entity (including an individual) that includes all transactions made by that entity, no matter how many separate accounts that entity has (for example, a corporation/individual with multiple brokerage accounts should include all transactions made in Lannett securities during the Settlement Class Period on one Proof of Claim, no matter how many accounts the transactions were made in).

All joint purchasers or acquirers must sign this Proof of Claim. Executors, administrators, guardians, conservators, and trustees or others acting in a representative capacity on behalf of a Settlement Class Member must complete and sign this claim on behalf of persons represented by them, and submit evidence of their current authority to act on behalf of that Settlement Class Member, including that your titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Lannett Common Stock" to supply all required details of your transaction(s) in Lannett common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Lannett publicly traded common stock which took

3

place during the period February 8, 2018 through and including August 17, 2018, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the shares of Lannett common stock you held at the close of trading on February 7, 2018 and August 17, 2018. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Lannett common stock. The date of a "short sale" is deemed to be the date of sale of Lannett common stock.

For each transaction, copies of broker confirmations or other documentation of your transactions in Lannett common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

A purchase or sale of Lannett common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date; please provide any "contract" or "trade" dates in your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.[INSERT].com. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at 1-[INSERT #] to obtain the required file layout.

4

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

*Strougo v. Lannett Company, Inc. et al.*

**Case No. 2:18-cv-03635-MAK**

## PROOF OF CLAIM AND RELEASE

**Must Be Postmarked or Received No Later Than: [_____]**

Please Type or Print

## PART I:    CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City                                   State or Province

_____        _____

Zip Code or Postal Code                Country

_____        _____ Individual

Social Security Number or Taxpayer
Identification Number                  _____ Corporation/Other

_____  _____

Area Code       Telephone Number (work)

_____  _____

Area Code       Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

5

**PART II:     SCHEDULE OF TRANSACTIONS IN LANNETT SECURITIES**

A.     Number of shares of Lannett common stock held at the close of trading on February 7,

2018:_____

B.     Purchases or acquisitions of Lannett common stock (February 8, 2018 – August 17,

2018, inclusive):

| Trade Date (Month Day Year) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1. | 1. | 1. |
| 2. | 2. | 2. |
| 3. | 3. | 3. |

**IMPORTANT:**  (i)   If any purchase listed covered a "short sale," please mark "Yes."  [   ] Yes

(ii) If you received shares through an acquisition or merger, please identify
the date, the share amount, and the company acquired:

_\_/\_/\_\_\_     _____     _____

Merger Shares        Company

C.     Sales of Lannett common stock (February 8, 2018 - August 17, 2018):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. | 1. | 1. |
| 2. | 2. | 2. |
| 3. | 3. | 3. |

D.     Number of shares of Lannett common stock held at the close of trading on
August 17, 2018:     _____

If you require additional space, attach extra schedules in the same format as above.

Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE [\_\_]. FAILURE TO**

**SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE**

6

## REJECTION OF YOUR CLAIM.

## PART III:    SUBMISSION TO JURISDICTION OF COURT AND
##              ACKNOWLEDGEMENTS

On behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Lannett securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Lannett common stock during the Settlement Class Period and know of no other person having done so on my (our) behalf.

## PART IV:    RELEASE

1.      Upon the Effective Date of the Settlement, I (we) acknowledge full and complete satisfaction of, and fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants and their Related Parties.

2.      "Related Parties" means each of a Defendant's respective former, present or future parents, subsidiaries, divisions, and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders,

7

attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

3.      "Released Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that were asserted or could have been asserted in the Litigation arising out of or relating to (i) the purchase, acquisition, or sale of shares of Lannett common stock during the Settlement Class Period and (ii) the acts, facts, matters, allegations, transactions, events, disclosures, occurrences, representations, statements, acts, or omissions or failures to act alleged in the Litigation. "Released Claims" does not include claims to enforce the Settlement. "Released Claims" includes "Unknown Claims".

4.      "Unknown Claims" means any and all Released Claims which any of the Settling Parties or Settlement Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, Lead Plaintiffs, Lead Plaintiffs' Counsel, Defense Counsel, or Settlement Class Members which, if known by him, her, or it, might have affected his, her, or its settlement with and release, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to

8

object to this Settlement or to the release of the Released Persons, Lead Plaintiffs, Lead

Plaintiffs' Counsel, Defense Counsel, or Settlement Class Members. With respect to any and

all Released Claims, the Settling Parties stipulated and agree that, upon the Effective Date, the

Settling Parties shall expressly waive and each of the Settling Parties shall be deemed to have,

and by operation of the Judgment shall have, expressly waived the provisions, rights, and

benefits of California Civil Code § 1542, which provides,

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive and each of the Settlement Class Members shall be

deemed to have, and by operation of the Judgment shall have, expressly waived any and all

provisions, rights, and benefits conferred by any law of any state or territory of the United States,

or principle of common law, which is similar, comparable or equivalent to California Civil Code

§ 1542. The Settling Parties acknowledge that they may hereafter discover facts in addition to or

different from those which he, she, it or their counsel now knows or believes to be true with respect

to the subject matter of the Released Claims, but the Settling Parties shall expressly settle and

release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and

by operation of the Judgment shall have, fully, finally, and forever settled and released any and all

Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory

of law or equity now existing or coming into existence in the future, including, but not limited to,

conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or

rule, without regard to the subsequent discovery or existence of such different or additional facts.

The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation

of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Lannett common stock which are the subject of this claim, which occurred during the Settlement Class Period, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this claim form.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

//

//

//

//

//

Executed this_____day of_____, in_____,
                                    (Month/Year)          (City)

_____
(State/Country)

                                        _____
                                                (Sign your name here)

10

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals or certificates.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgement of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

## THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN [INSERT], ADDRESSED AS FOLLOWS:

*Lannett Company, Inc. Securities Litigation*
Claims Administrator
[NAME & INSERT ADDRESS]
www.[INSERT].com

11

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STROUGO, Individually and On Behalf of All Others Similarly Situated,<br><br>                         Plaintiff,<br><br>    v.<br><br>LANNETT COMPANY, INC., TIMOTHY C. CREW, and MARTIN P. GALVAN,<br><br>                        Defendants. | Case No. 2:18-cv-03635-MAK<br><br>Judge Mark A. Kearney |

## SUMMARY OR SHORT FORM NOTICE

TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED
      LANNETT COMPANY, INC. ("LANNETT") COMMON STOCK DURING
      THE PERIOD FROM FEBRUARY 8, 2018 THROUGH AND INCLUDING
      AUGUST 17, 2018, AND HELD SUCH SHARES UNTIL AT LEAST
      AUGUST 17, 2018.

**YOU ARE NOTIFIED** under a [INSERT DATE] Order of the United States District

Court for the Eastern District of Pennsylvania of a hearing to be held on [_____], at

[____.m.], before the Honorable Mark A. Kearney, United States District Judge, at the United

States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA

19106, for the purpose of determining: (1) whether the proposed Settlement of the claims in the

Litigation for the principal amount of $300,000.00, plus interest and Notice and Administration

Expenses, should be approved by the Court as fair, reasonable, and adequate; (2) whether a Final

Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the

Litigation with prejudice; (3) whether the Plan of Allocation of Settlement proceeds is fair,

reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel

for the payment of attorneys' fees and expenses and Lead Plaintiffs' expenses in connection with

this Litigation should be approved.

**IF YOU PURCHASED OR OTHERWISE ACQUIRED ANY LANNETT**

**COMMON STOCK DURING THE PERIOD FROM FEBRUARY 8, 2018 THROUGH**

**AND INCLUDING AUGUST 17, 2018, YOUR RIGHTS MAY BE AFFECTED BY THE**

**SETTLEMENT OF THIS LITIGATION.**

If you have not received a detailed Notice of Proposed Settlement of Class Action

("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing

to *Lannett Company, Inc. Securities Litigation,* Claims Administrator, [INSERT ADDRESS], or on the Internet at www.[INSERT].com. If you are a Settlement Class Member, to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release by mail or online *no later than* **[INSERT],** showing you are entitled to recovery. You will  be bound by any judgment rendered in the Litigation unless you request to be excluded, in writing, to *Lannett Company, Inc. Securities Litigation,* Claims Administrator, [INSERT ADDRESS], **postmarked by [INSERT].**

Any objection to the Settlement, the Plan of Allocation, or the fee and expense application filed in the Litigation must be **received or filed no later than [INSERT]** with the CLERK OF THE COURT, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA, 601 Market Street, Philadelphia, PA 19106. Any request for exclusion **must be postmarked on or before [INSERT] to** *Lannett Company, Inc. Securities Litigation,* Claims Administrator, [INSERT ADDRESS],

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact counsel for Lead Plaintiffs at LEVI & KORSINSKY, LLP, NICHOLAS I. PORRITT, ESQ, 1101 30TH STREET NW, SUITE 115, WASHINGTON, D.C. 20007.


DATED:_____ 2019          BY ORDER OF THE COURT
                                    UNITED STATES DISTRICT COURT
                                    EASTERN DISTRICT OF
                                    PENNSYLVANIA