# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT STROUGO** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 18-3635 |
| | : | |
| **LANNETT COMPANY, INC.,** *et al.* | : | |

## JUDGMENT ORDER

**AND NOW**, this 7th day of February 2020, upon considering Lead Plaintiffs Soe Wong's and Michael Hoeltzel's unopposed Motion for final approval of class action settlement and Approval of Plan of Allocation (ECF Doc. No. 75), and Motion for an award of reasonable attorneys' fees and reimbursement of expenses (ECF Doc. No. 76), the Declarations of Soe Wong (ECF Doc. No. 75-2), Luiggy Segura (ECF Doc. No. 75-3), Michael Hoeltzel (ECF Doc. No. 75-4), Adam M. Apton, Esq. (ECF Doc. No. 75-5), the Supplemental Declaration of Adam M. Apton, Esq. (ECF Doc. No. 77), the July 12, 2019 Stipulation of Settlement ("Settlement Agreement") (ECF Doc. No. 68), consistent with our July 31, 2019 preliminary approval Order (ECF Doc. No. 73), after hearing extended argument and the parties electing not to present evidence at a noticed Hearing on Final Approval, and with no opt-outs from the Class and no objections to the Settlement Agreement or Notice under our preliminary approval, it is **ORDERED**:

   A. Lead Plaintiffs' unopposed Motions (ECF Doc. No. 75, 76) are **GRANTED**;

   B. **JUDGMENT** is entered in favor of the Plaintiffs and Class consistent with the Settlement Agreement, including reasonable attorney's fees of $75,000 and expenses of $16,945.39 paid from the $300,000 Settlement Fund with Defendants separately

responsible for all costs of the Claims Administrator;

**C.** All claims in this case are **DISMISSED** with prejudice;

**D.** The Clerk of Court shall **close** this case with us retaining jurisdiction only to enforce this Order and incorporated July 12, 2019 Stipulation of Settlement (to the extent not inconsistent with this Order) and approve supplemental distribution, upon our specific findings:

### *Findings of fair, adequate and reasonable settlement.*

1. We have jurisdiction over the subject matter and over all parties under 28 U.S.C. §1331, including over all members of the Settlement Class.[1]

2. On August 24, 2018, Lead Plaintiffs asserted claims for themselves and a putative class for violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5.

3. Consistent with our reasoning in the July 31, 2019 preliminary approval Order (ECF Doc. No. 73), we finally certify a Settlement Class under Fed. R. Civ .P. 23(b)(3):

> **All persons who purchased or otherwise acquired Lannett Company, Inc. common stock from February 8, 2018 through and including August 17, 2018, and held such stock until at least August 17, 2018 and sustained damages. The Class excludes Defendants and certain related individuals and entities, as well as any Settlement Class Member validly and timely requesting exclusion under this Order.**

4. For all the reasons detailed in our July 31, 2019 Order, the Settlement Class satisfies Fed. R. Civ. P. 23(a) and is maintainable under Rule 23(b)(3). We certify the Settlement Class for purposes of settlement of this case only.

5. The Parties and the court-approved Claims Administrator JND Legal

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as defined by the July 12, 2019 Stipulation of Settlement (ECF Doc. No. 68).

Administration sent approximately 17,159 notice packets by first class mail to the Settlement Class along with summary notice published on *PR Newswire*.

6. The Parties and the Claims Administrator received no objections and no class member opted out of the Settlement

7. Absent objections and considering administrative convenience and necessity for the benefit of the Class, we now evaluate the Plan of Allocation and formula for calculating claims of Authorized Claimants described in the Notice sent to the Class to determine whether it provides a fair, reasonable and adequate basis to approve the settlement and allocate the Net Settlement Fund.

8. After applying each of the factors reaffirmed by our Court of Appeals in *In re National Football League Players Concussion Injury Litigation*, we approve the uncontested Settlement Agreement and find the settlement is fair, reasonable, and adequate to all members of the Settlement Class.[2]

---

[2] 821 F.3d 410, 437 (3d Cir. 2016). We spent substantial time at our hearing evaluating the fairness of this settlement when a vast majority of class members do not receive monetary or equitable relief in exchange for a release. As we detailed in our July 31, 2019 Order, we are concerned with the fairness of this settlement to the class. We also expect Class Counsel should be as well given their fiduciary obligations when they settle for much less than their demand with most of the class releasing claims without payment. After first arguing they do not need to show consideration and instead focusing on due process, counsel then argued we can find fair consideration in a case with a potentially difficult liability argument based on the full investigation of counsel which afforded each class member court-approved notice of their right to file a claim and obtain monetary consideration. Counsel could not find another form of consideration. In this limited instance given the limited possibility of proceeding to trial, we agreed with counsel as to the fairness of consideration based on the fulsome investigation, discovery, and counsel's business judgment to reach a settlement number and provide court-approved notice to every ascertainable class member. In approving this settlement, we must determine whether a proposed class action settlement is fair, reasonable, and adequate, we consider a variety of factors: "(1) The complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing

9. The Notice approved by this Court and provided to all members of the Settlement Class, including through a website, with summary notice publication in the *PR Newswire*, and the initial mailings of approved Notice, adequately informed the Class members of the terms of the Agreement, their right to opt out and pursue their own remedies and their opportunity to file written objections and appear and be heard at our February 7, 2020 Final Approval Hearing. We find the Class Notice satisfied Fed. R. Civ. P. 23(e)(1)(B).

10. The Claims Administrator received 2,534 claims forms representing approximately

---

damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Id.* at 534-35 (citing *Girsh v. Jepson*, 521 F.2d 153, 156-57 (3d Cir. 1975)). Under *In re Prudential Insurance Company America Sales Practice Litigation Agent Actions*, 148 F.3d 283, 323 (3d Cir. 1998), we may also consider (1) maturity of the underlying substantive issues, including discovery and factors bearing on counsel's ability to evaluate likelihood of success; (2) existence and outcome of other class claims; comparing recovery for individual v. class; the right to opt-out; reasonable attorney's fees; and processing of claims. The first factor supports settlement because this securities action is complex, as it requires resolving difficult issues, including the existence of scienter, false and misleading statements, and loss causation. Litigation of these issues would have likely resulted in significant expense but for the Settlement. The second factor supports settlement because the class responded favorably to the settlement, as there are no objectors. The third factor supports settlement because the parties have an adequate understanding of the issues after discovery. The Lead Plaintiffs opposed Defendant's motions to dismiss. Class Counsel interviewed four employees and reviewed thousands of documents. The fourth factor supports settlement because although Lead Plaintiffs survived the pleadings stage, they candidly admit facing many issues at trial or in defending a motion for summary judgment, including proving a misrepresentation. The fifth factor supports settlement because Lead Plaintiffs face many substantial risks in proving the alleged false statements or omissions caused damages as they must prove, among other things, facts which are belied by discovery unknown at the time of filing. As to the sixth factor, settlement precludes the risk associated with trial. The seventh factor is neutral as the parties do not provide evidence Defendant would be unable to pay a greater judgment, but this factor alone does not undermine the reasonableness of the settlement. The eighth and ninth factors support settlement, as Class Counsel admits it faces considerable risks in proving both liability and damages. The $300,000 settlement is a fair recovery given the Lead Plaintiffs' standard view they would not succeed after discovery. Our consideration of the *Prudential* factors also confirms the fairness of the Settlement Agreement. The parties have proposed a fair processing, there are no other claims, and the class did not opt out although offered an opportunity to do so.

5,500,000 damaged shares; it has now found 1,064 valid claims to date; it will continue to evaluate and process those forms consistent with Class Notice subject to a bar date for new claims in mid-April 2020, and expects to move for distribution to the Class and payment to Class Counsel for our approval by **April 30, 2020**.

11. No members of the Settlement Class attended the February 7, 2020 Final Approval Hearing, notice of which was included in the Class Notice, to raise objections, advance questions, or oppose the settlement.

### *Allocation plan under the Settlement Agreement*

12. **Payment to Settlement Class.** We find and determine the terms of payments to the members of the Settlement Class under the Plan of Allocation, as provided in the Class Notice and to be paid by the Claims Administrator, are fair, reasonable and adequate when the payments are timely made to each member of the Settlement with Plaintiff and Claims Administrator diligently working in good faith to distribute from the Settlement Funds to the Settlement Class and Lead Counsel by **June 30, 2020**.

13. **Payment to Class Counsel simultaneous with payments to the Settlement Class.** Class Counsel, Levi & Korsinsky, LLP, provided competent representation for the Class and are awarded $75,000 representing 18.75% of the Settlement Fund and Notice and $16,945 in demonstrated expenses, together with the interest earned on these funds while held in the Settlement Fund to be paid simultaneously with, but not before, distribution of funds on or after June 30, 2020 under the approved Plan of Allocation to the Settlement Class.

    a. Exercising our discretion,[3] we conduct a "thorough judicial review" to

---

[3] *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995).

5

determine the amount of any award to counsel.[4] "Judicial deference to the results of private negotiations is undoubtedly appropriate for many settlements, but not for class action settlements, including their attorney fee terms. 'That the defendant in form agrees to pay the fees independently of any monetary award or injunctive relief provided to the class in the agreement does not detract from the need carefully to scrutinize the fee award.'"[5] In a common-fund class action, our Court of Appeals generally favors awarding fees applying a percentage-of-the-recovery method.[6] We find a reward based on a percentage of recovery is appropriate.[7]

        b.     Class Counsel conducted extensive investigation, research, focused discovery and evaluated respective risks of further litigation, additional costs, and delay associated with further prosecution of this action. The parties reached the Agreement as a result of intensive, arms-length negotiations. Counsel reached agreement on the settlement terms without addressing the attorney's fees. Class Counsels' fees are reasonable and necessary for the

---

[4] *In re Prudential*, 148 F.3d at 333; *In re Gen. Motors Corp*, 55 F.3d 768, 819 (3d Cir. 1995).

[5] *In re Southwest Airlines Voucher Litigation*, 799 F.3d 701, 713 (7th Cir. 2015) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003)).

[6] *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 330 (3d Cir. 2011).

[7] We agree with Judge Posner's analysis that the market should define a contingent fee in the common fund portion of a recovery in a securities case: "[t]he judicial task might be simplified if the judge and the lawyers bent their efforts on finding out what the market in fact pays not for the individual hours but for the ensemble of services rendered in a case of this character. This was a contingent fee suit that yielded a recovery for the 'clients' (the class members)... The class counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client." *In the Matter of Continental Illinois Securities Litigation*, 962 F.2d 566, 572 (7th Cir. 1992).

benefit of the Class.[8]

        c.     As a cross-check, we reviewed Class Counsel billed $237,713.25 in time at their then-current rates for 370.55 hours of effort representing an average hourly rate of approximately $642.00. The negative multiplier obtained in accepting $75,000 in complete satisfaction of the billed time is proper given the facts learned in discovery which may have resulted in no recovery for the Class.

14. **Payment to Claims Administrator.** The Claims Administrator will fulfill its contracted obligations to the Defendant and be paid by the Defendant without impacting its obligations under the Settlement Agreement, Plan of Allocation, or this Order.

15. **Remaining balance in Net Settlement Fund including *cy pres*.** If there is a balance remaining in the Net Settlement Fund after October 31, 2020, Lead Counsel shall, if feasible and economical, reallocate (which may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economical fashion consistent with the Plan

---

[8] In common fund cases, we consider seven factors to analyze the reasonableness of the requested fee: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases. As to the first factor, the Settlement Fund fully addresses over 1,000 valid claims to date under the approved Plan of Allocation. The second factor supports the proposed fee because there were no objectors. The third factor supports the proposed fee as Class Counsel possess substantial experience prosecuting securities class actions including in this Circuit. The fourth factor supports the proposed fee because this securities action is complex, as it requires resolving difficult issues, including the existence of scienter, false and misleading statements, and loss causation. Litigation of these issues would have likely resulted in significant expense but for the Settlement. The fifth factor supports the proposed fee because of the risk inherent in Class Counsel's decision to take this case on a contingency fee basis. Also, the risk of nonrecovery is heightened because this is a complex securities action based on documents solely within the Defendant's control. The sixth factor supports the proposed fee because Class Counsel spent substantial hours. The seventh factor supports the proposed fee because a $75,000 fee from the Settlement Fund is consistent with other class action settlements.

7

of Allocation. A *de minimis* balance remaining in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated in *cy pres* to be simultaneously distributed to Investor Protection Trust, a 501(c)(3) non-profit organization which educates investors throughout the United States with a nexus to the claims at issue.

16. **Dismissal of claims.** Claims of all Settlement Class members based on or arising out of any acts, facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in this Class Action Complaint, on the merits are **dismissed with prejudice** and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

17. **No further claims under the Complaint.** Members of the Settlement Class are barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, which now exist, may exist, or heretofore existed against Defendants, arising out of, related to, connected with, or based in whole or in part on any facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class Action Complaint. All members of the Settlement Class, including all members who did not submit an Exclusion/Opt-Out form, are permanently enjoined from participating in any other class action lawsuit against Defendants or related entities, concerning the claims, causes of action, damages, and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, unknown or known, suspected or unsuspected, that now exist, may exist, or heretofore existed, against Defendants, arising out of, related to, connected with, or based in whole or in part to any facts, transactions,

occurrences, representatives, or omissions which are alleged, or which could have been alleged, in the Class Action Complaint in this matter.

18. Class Counsel shall forthwith place this Order on its Settlement Agreement website and provide notice to the Claims Administrator of its obligations.

KEARNEY, J.